**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| LOTT JOHNSON,<br>  Plaintiff,<br><br>v.<br><br>TOM VILSACK, Secretary,<br>Department of Agriculture,<br><br>Does, John and Jane,<br>  Defendants. | **Case No. 4:12-CV-00371 JLH-JTK** |

## ORDER

Before the Court is Plaintiff's objection to the Court's indication that no further extensions would be granted to effect service. (Doc. No. 26). The Court finds these objections to be without merit.

Representing himself, Plaintiff filed this action on June 18, 2012. Ronald C. Wilson subsequently filed a notice of appearance on Plaintiff's behalf on October 5, 2012. Citing his recent retention, counsel filed a motion requesting a 120-day extension of time to serve Defendant Tom Vilsack (the only named defendant at the time) was filed on the same day, and the Court granted that motion. (Doc. Nos. 8-9).

Citing a heavy caseload, a second motion requesting a 30-day extension of time to serve Defendant Vilsack was filed on December 10, 2012, and the Court granted that motion. (Doc. Nos. 11-12).

Plaintiff then filed an Amended Complaint that added an unspecified number of Doe Defendants on January 14, 2013. On January 17, 2013, Plaintiff filed a third motion for

1

extension of time to notify defendants, and the Court granted that motion. (Doc. Nos. 14-15). That motion named five of the Doe defendants and requested a 60-day extension.

A fourth motion for extension of time to notify defendants was filed on April 11, 2013. (Doc. No. 16). That motion cited a heavy caseload and the recent death of counsel's brother as cause for the extension. The Court granted the extension. (Doc. No. 17).

A fifth motion requesting a 30-day extension for the same reasons was filed on May 14, 2013, and the Court granted that motion. (Doc. Nos. 18-19).

A sixth motion requesting a 30-day extension for the same reasons was filed on June 14, 2013, and the Court granted that motion. (Doc. Nos. 20-21).

A seventh motion requesting a 30-day extension for the same reasons was filed on July 14, 2013, and the Court granted that motion. (Doc. Nos. 22-23).

An eighth motion requesting a 30-day extension for the same reasons was filed on August 14, 2013, and the Court granted that motion. (Doc. Nos. 24-25). However, the Court informed Plaintiff that no further extensions would be granted.

Plaintiff filed an objection to the Court's instructions regarding further extensions on August 29, 2013. (Doc. No. 26). The only objection Plaintiff raises is based on his "concern[] that some of the potential additional Defendants may attempt to avoid (evade) notification of their joinder as Defendants in this matter." (Doc. No. 26).

The Court finds Plaintiff's objection puzzling because it is approaching a year and half since this action was filed, yet there is no indication that he has attempted to effect service on any of the defendants during this time. The Court's position that no further extensions will be granted could certainly change if good cause is shown, but Plaintiff has merely offered

speculation regarding future events without providing any basis for assuming it likely that these Department of Agriculture employees will attempt to avoid service. This objection is purely conjecture at this point and thus is overruled.

The Court believes it has been more than generous up to this point, but any further delays absent a clear showing of good cause will result in dismissal of the action without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED this 4th day of September, 2013.

_____
United States Magistrate Judge