# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| LOTT JOHNSON,<br>    Plaintiff,<br><br>v.<br><br>TOM VILSACK, Secretary,<br>Department of Agriculture, et al.,<br>    Defendants. | **Case No. 4:12-CV-00371 JLH-JTK** |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the Second Amended Complaint of plaintiff Lott Johnson. (Doc. No. 28). Defendant Tom Vilsack (on behalf of United States Department of Agriculture (USDA)) has filed a Motion to Dismiss (Doc. No. 33), and both parties have briefed the issues fully. After reviewing the materials, the Court has determined that Plaintiff's claims against the USDA should be dismissed with prejudice.

## Procedural History

Plaintiff filed a pro se complaint on June 18, 2012, and Thomas Vilsack, Secretary of the USDA, was the only named defendant. A notice of appearance was filed on Plaintiff's behalf by Ronald C. Wilson on October 5, 2012. The Court granted two motions to extend the deadline for serving Defendant USDA, and the USDA was to have been served by January 7, 2013.

An Amended Complaint was filed on January 14, 2013. It added an unspecified number of Doe defendants and, in violation of Local Rule 5.5(e), incorporated by reference the original

2

complaint's contents. As noted in the Court's previous orders, Plaintiff then filed a long string of motions requesting an extension of time to amend his complaint, join defendants, and notify defendants. None of these motions sought an extension of time to serve the USDA.

Plaintiff filed a Second Amended Complaint on September 18, 2013, and it is currently the live pleading in this action. It incorporates by reference the contents of the previous two complaints and names Thomas J. Vilsack as Secretary of the USDA, five Farm Service Agency[1] (FSA) employees, and an unspecified number of Does as defendants.

**Standard of Review**

Defendant's motion has been labeled as being brought under Rule 12(b) of the Federal Rules of Civil Procedure, but it must be construed as having been brought under Rule 56. Motions to dismiss do not generally allow consideration of matters outside the pleadings unless the arguments concern jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) ("Rule 12 requires that Rule 56 standards be applied to motions to dismiss for failure to state a claim under Rule 12(b)(6) when the court considers matters outside the pleadings."). The claims discussed in this order do not concern jurisdiction and the USDA's motion relies on matters outside of the pleadings. An order was entered on December 18, 2013, informing the parties that the motion would be construed as a motion for summary judgment, and they were given a chance to supply any additional materials.

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most

---

[1] The FSA is a component of the USDA. The five named FSA employees have been sued in their individual and official capacities, but this order only pertains to the claims against the Secretary of the USDA, Thomas J. Vilsack, in his official and individual capacities.

favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir .2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir.1996).

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Hitt v. Harsco Corp.*, 356 F.3d 920, 923 (8th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733–34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). A plaintiff

may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526–27(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines*, 2008 WL 2609197, at *3 (8th Cir. 2008).

## Discussion

Plaintiff claims the USDA violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, and the Fifth and Thirteenth Amendments. He also asserts a claim of conspiracy against all defendants. He claims to have suffered personal injury; loss of property, income, creditworthiness, and his farm enterprise; and emotional damage. As a result, he seeks compensatory and punitive damages.

In its motion, Defendant contends that Plaintiff did not comply with the court's deadline for

service and that his claims fail as a matter of law and are without merit. The Court declines to address Defendant's service argument because the motion can be resolved on other grounds, and Plaintiff's argument that Defendant has waived the right to file a motion to dismiss is without merit.

**I.     Res Judicata**

Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata because he previously litigated them before the Office of the Assistant Secretary for Civil Rights (OCR). Plaintiff filed complaints with OCR in May 2010 and January 2011, alleging discrimination based on the same facts that are alleged in the present action. After a roughly year-long investigation, OCR issued a final agency decision finding in Plaintiff's favor on five of his nine claims on February 29, 2012. The FSA was ordered to pay Plaintiff $49,940 in damages, provide him with $9,780 in debt relief on his FSA loans, and to take various remedial actions. Plaintiff does not allege that the FSA failed to comply with that order in any way.

Generally, res judicata prevents parties from relitigating issues that were or could have been raised in a previous action. "To establish that a claim is barred by res judicata a party must show: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). Analysis generally turns on whether the claims arise out of the "same nucleus of operative facts." *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)).

Defendant notes that the Eighth Circuit has held that when an administrative agency "acts in

a judicial capacity to resolve disputed issues of fact properly before it, which the parties have had an opportunity to litigate, the principles of res judicata apply to bar further claims by the parties or their privies based on the same cause of action." *Peppers v. Norris*, 5:08CV00314 JMM-BD, 2009 WL 856971, at *3 (E.D. Ark. Mar. 30, 2009) (citing *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983); *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981).

Plaintiff's responds that he was not provided an adequate opportunity to litigate his claims by the OCR. In particular, he alleges that he did not receive a letter notifying him of his right to appeal and that he was not allowed to testify at a hearing. Plaintiff does not specify how this was prejudicial or how either of these things would have changed the result. It is apparent that OCR's investigation was thorough and that Plaintiff had ample opportunities to explain his arguments and offer testimony. It also appears that the OCR considered his belated arguments for reconsideration of the decision, even if they were ultimately rejected. (Doc No. 39, Ex. 7).

It is unclear whether the abovementioned allegations are important to Plaintiff's argument because, when asked about the effect of the OCR's judgment, Plaintiff concluded without explanation that the award was merely "'liquidated' or 'corrective' damages" and that it would have no effect on any potential award he might receive in this action (not even as an offsetting counterclaim). He has not explained why the USDA would set up a procedure for investigation and resolution of complaints that involves no resolution in any sense of the word, even when a large payment and extensive equitable measures are involved. The OCR's decision makes it quite clear that the damage awards were compensation for his injuries.

Plaintiff's position is also problematic because the OCR's letters repeatedly informed him that this procedure was not a prerequisite to filing in federal courts, that it did not toll the statute of

7

limitations, that he may want to seek the advice of an attorney, that the process would result in a Final Agency Decision, that he should notify the office if he files an action in federal court, and that filing an action in federal court might mean the office could no longer process his administrative complaint. These statements clearly indicate that this was a divergent path to relief, and that he chose to see the administrative process through to the end.

Further, the regulations provide the Secretary to the Assistant Secretary of Civil Rights the authority to:

> *Make final determinations, **or** enter into settlement agreements, on discrimination complaints in federally conducted programs subject to the Equal Credit Opportunity Act*. This delegation includes the authority to make compensatory damage awards whether pursuant to a final determination or in a settlement agreement under the authority of the Equal Credit Opportunity Act and the authority to obligate agency funds, including Commodity Credit Corporation and Federal Crop Insurance Corporation funds to satisfy such an award.

7 C.F.R. 15d(4)(b) (emphasis added). Plaintiff repeatedly refers to the process as merely being an "investigative inquiry" that may or not result in a final agency decision. There is no question regarding whether the OCR's decision was a final agency decision.

Finally, Plaintiff contends that he was not provided an adequate opportunity to litigate his claims because the OCR decision failed to consider his administrative offset claims based on racial discrimination. This argument is without merit because there is no indication that he ever made such claims, and res judicata bars claims that could have been presented in the original proceedings but were not.

## II.     Title VI of the Civil Rights Act

Defendant correctly notes that courts have repeatedly held that the federal government and its agencies are excluded from Title VI's purview. *See* 42 U.S.C. § 2000d–4a (limiting "program or

activity" to those of state and local governments); *Wise v. Glickman*, 257 F. Supp. 2d 123, 131-32 (D.D.C. 2003); *Williams v. Glickman*, 936 F. Supp. 1, 5 (D.D.C. 1996) ("Title VI does not apply to programs conducted directly by federal agencies") (internal citation omitted); *Soberal–Perez v. Heckler*, 717 F.2d 36, 38 (2d Cir. 1983) ("Title VI . . . was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary"); *Marsaw v. Trailblazer Health Enters., LLC*, 192 F. Supp. 2d 737, 750 (S.D. Tex. 2002) ("Title VI does not apply to programs administered directly by a federal agency"); *J. & L. Parking Corp. v. United States*, 834 F. Supp. 99, 104–05 (S.D.N.Y. 1993) (plaintiff had no cause of action under Title VI with regard to programs administered directly by federal government). Plaintiff has not bothered to respond to Defendant's argument, so the Court will treat it as unopposed. Given the abundance of authority and Plaintiff's tacit agreement, Plaintiff's claims under Title VI are dismissed with prejudice.

The Court notified Plaintiff of its intent to treat his nonresponse as a forfeit (Doc. No. 55) and gave him a third opportunity (Doc. Nos. 39, 49, 60) to present an argument regarding these claims, but he failed to do so. Rather, he "acknowledge[d] that a review of the present case and an analysis thereof seem to support Defendant's position in regard to these claims in his official capacity." (Doc. No. 60). That acknowledgement notwithstanding, he still claimed that he was not abandoning those claims, and he went on to say that he "is certainly continuing to research the law in regard to these claims for any recent authority that may allow the prosecution of said claims under the facts in the case at bar." *Id.* The time for doing so has long passed. The Court finds Plaintiff has abandoned this claim.

### III. Administrative Offsets and Sovereign Immunity

Defendant also contends that Plaintiff's claims under the Fifth and Thirteenth Amendments fail as a matter of law. The Court agrees for the reasons stated in Defendant's brief. Much like Defendant's arguments concerning Title VI, Plaintiff has failed to respond to his arguments concerning the Fifth and Thirteenth Amendments.

The Court construes such failure as an abandonment of Plaintiff's intention to make such claims and therefore grants Defendant's motion in this regard. *See Spencer v. Moreno*, No. 4:02CV3049, 2003 U.S. Dist. LEXIS 3616, 2003 WL 1043318, at *5 (D. Neb. Mar. 11, 2003) (failure to show or to attempt to show right to pursue claim in response to arguments raised in defendants' motion appears to constitute an abandonment of the claim or a concession to defendants' argument); s*ee also, e.g.*, *Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 566 (E.D. Mo. 2006) (because plaintiffs failed to address defendants' arguments raised in motion to dismiss relating to certain claims, court grants motion on such claims and dismisses those claims with prejudice) (citing *Figueroa v. United States Postal Serv.*, 422 F. Supp. 2d 866, 879 (N.D. Ohio 2006) (viewing the failure to respond to arguments in a motion to dismiss as a concession that the claim fails as a matter of law); *Scognamillo v. Credit Suisse First Boston LLC*, No. 03-2061, 2005 U.S. Dist. LEXIS 20221, 2005 WL 2045807, at *11 (N.D. Cal. Aug. 25, 2005) (holding that plaintiffs' failure to respond to argument warranted dismissal with prejudice). Like the previous claim, Plaintiff was given a third opportunity to present arguments for this claim but failed to do so.

### IV. Conspiracy

Plaintiff's Second Amended Complaint simply does not state "enough facts to state a claim [under 42 U.S.C. § 1985(3)] that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  There is nothing to indicate liability on Defendant's behalf in either his individual or official capacity.

Again, Plaintiff failed to respond to Defendant's argument regarding immunity from suit for this claim.  The Court construes such failure as an abandonment of Plaintiff's intention to make such a claim and therefore grants Defendant's motion in this regard.  Plaintiff's claims under 42 U.S.C. § 1985 are hereby dismissed with prejudice.

**V.     Whether Defendant's Motion Has Been Brought Prematurely**

Plaintiff's argument that the motion for summary judgment is premature is speculative and unfounded.  The Court's reasons for granting Defendant's motion are based on questions of law and undisputed fact.

IT IS THEREFORE ORDERED that Plaintiff's claims against defendant USDA be, and are hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

SO ORDERED this 10th day of March, 2014.

_____
United States Magistrate Judge