# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| LOTT JOHNSON,<br>    Plaintiff,<br><br>v.<br><br>TOM VILSACK, Secretary,<br>Department of Agriculture, et al.,<br>    Defendants. | **Case No. 4:12-CV-00371 JLH-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the Second Amended Complaint of plaintiff Lott Johnson. (Doc. No. 28). Defendants Mark Petty; Linda Newkirk; James Culpepper, III; Hendra Woodfork; and Chana Thompson (collectively, "Defendants") have filed a Motion to Dismiss. (Doc. No. 63). After reviewing the materials, the Court has determined that Plaintiff's claims against Defendants should be dismissed.

## Procedural History

Plaintiff filed a pro se complaint on June 18, 2012, and Thomas Vilsack, Secretary of the USDA, was the only named defendant. A notice of appearance was filed on Plaintiff's behalf by Ronald C. Wilson on October 5, 2012. The Court granted two motions to extend the deadline for serving Defendant USDA, and the USDA was to have been served by January 17, 2013.

An Amended Complaint was filed on January 14, 2013. It added an unspecified number of Doe defendants and, in violation of Local Rule 5.5(e), incorporated by reference the original complaint's contents. As noted in the Court's previous orders, Plaintiff then filed a long string of

2

motions requesting extensions of time.

Plaintiff filed a Second Amended Complaint on September 18, 2013, and it is currently the live pleading in this action. It incorporates by reference the contents of the previous two complaints and names Thomas J. Vilsack as Secretary of the USDA, the abovementioned five Farm Service Agency[1] (FSA) employees, and an unspecified number of John Does as defendants.

## Standard of Review

A civil complaint will be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a cause of action that will survive a Rule 12(b)(6) motion, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) under some established legal theory. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (noting that "the complaint must allege facts, which if true, state a claim as a matter of law").

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in

---

[1] The FSA is a component of the USDA. The five named FSA employees have been sued in their individual and official capacities, but this order only pertains to the claims against the Secretary of the USDA, Thomas J. Vilsack, in his official and individual capacities.

deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 545. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

In addressing a motion to dismiss based on Rule 12(b)(4) or 12(b)(5), a court necessarily must review affidavits outside the pleadings. 5B Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004); *Personalized Brokerage Servs., LLC v. Lucius*, No. 05–1663, 2006 WL 2975308, at *1 (D. Minn. Oct.16, 2006); *Devin v. Schwan's Home Servs., Inc.*, No. 04-4555, 2005 WL 1323919, at *2 (D. Minn. May 20, 2005). "Reviewing such affidavits does not revert the motion to a motion for summary judgment." *Devin*, 2005 WL 1323919, at *2.

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party . . . ." *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999). Further, "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). "[A] court may not proceed at all in a case unless it has jurisdiction." *Crawford v.*

4

*F. Hoffman–LaRoche, Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). On a motion to dismiss brought under Fed. R. Civ. P. 12(b)(4), insufficiency of process, or 12(b)(5), insufficiency of service of process, the plaintiff must establish prima facie evidence that there was sufficient process and service of process. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir. 1995).

### Discussion

Plaintiff makes the following claims against Defendants in his Second Amended Complaint: 1) Defendants violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, and Title VI of the Civil Rights Act of 1964, 42 U.S. § 2000d, through racially discriminatory treatment of Plaintiff's loan applications and loan servicing requests and retaliation for his previous protected activity; 2) Defendants violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, by retaliating against Plaintiff due to his previous protected activity; 3) the application of administrative offsets to collect on Plaintiff's defaulted loan lacked due process, in violation of the Fifth Amendment; 4) the denial of access to the USDA's farming operation benefits amounted to badges or incidents of slavery, in violation of the Thirteenth Amendment; and 5) Defendants conspired to deprive Plaintiff and other African American farmers of the equal protection of laws and privileges by engaging in the abovementioned conduct. He claims to have suffered personal injury; loss of property, income, creditworthiness, and his farm enterprise; and emotional damage. As a result, he seeks compensatory and punitive damages.

In their motion, Defendants contend that Plaintiff did not comply with the court's deadlines for service. They also argue that Plaintiff's claims are barred by the statute of limitations, barred by sovereign immunity, precluded by a comprehensive remedial scheme, and fail for the reasons stated

in Defendant USDA's previous motion to dismiss.

**I.      Abandonment of Claims**

Plaintiff's response only addresses his compliance with court deadlines, the statute of limitations, and the absence of a comprehensive remedial scheme. He also incorporates his responses to Defendant USDA's motion, but as the Court noted in its March 10, 2014 Proposed Findings and Recommendations,[2] Plaintiff did not address many of Defendant USDA's arguments, despite being given several opportunities to do so. Thus, the Court finds that he has abandoned the unaddressed claims with respect to the five defendants that have brought the current motion. In particular, any claims under Title VI, any claims under the Thirteenth Amendment,[3] and any constitutional claims or conspiracy claims against Defendants in their official capacities are hereby dismissed as abandoned for the reasons stated in the previous order and due to Plaintiff's continued abandonment. (Doc. No. 65).

Finally, Plaintiff's objections (Doc. No. 68) to the Court's Proposed Findings and Recommendations (Doc. No 65) erroneously state that Defendant USDA "never questioned whether Plaintiff had presented a claim of racial discrimination in regard to 'administrative offsets' before the OCR." Pl's Obj. at 3 (Doc. No. 68). When replying to Plaintiff's contention that he was not provided an adequate opportunity to litigate his claim of racial discrimination through the application of administrative offsets, Defendant USDA stated the following:

> Plaintiff further argues that OCR did not accept or consider his claim that FSA used administrative offsets against federal payments to collect his delinquent

---

[2] These were adopted by the Court on June 5, 2014. (Doc. No. 70).

[3] The Court notes that there does not appear to be any basis for finding a private cause of action under the Thirteenth Amendment in the first place.

6

> loan because of his race. First, plaintiff's second amended complaint does not assert a claim of race-based administrative offsets. The term "administrative offsets" appears in paragraphs 16 and 20. Doc. 28. Niether [sic] paragraph makes an allegation of administrative offsets on the basis of race. Doc. 28, p.4,5. Plaintiff has not submitted evidence that he presented to OCR a claim of racial discrimination regarding administrative offsets. Plaintiff's requests for reconsideration of OCR's decision do not mention any such claim. Doc. 39-5, 39-6, 39-7. Plaintiff's OCR complaint No. 11-4729 asserts only a claim of reprisal regarding collection of his delinquent FSA loan by administrative offsets. Deft's. Exh. 3, copy attached. Since plaintiff did not present to OCR a claim of racially-discriminatory administrative offsets, he cannot assert it now. *Res judicata* precludes relitigation of a claim that could have been raised in the prior litigation. *Followell v. United States*, 532 F.3d 707, 708 (8th Cir. 2008); *Banks*, 390 F.3d 1052.

Def. USDA's Reply at 4 (Doc. No. 41). Plaintiff was given two chances to respond to these arguments. (Doc. Nos. 42 & 55). There is still no claim regarding racially discriminatory offsets in his complaint, and, even if there was, he has abandoned it.

## II.     Failure to Effectuate Timely Service

Defendants argue that Plaintiff failed to comply with the Court's orders and the Federal Rules of Civil Procedure regarding service. The Court agrees.

On October 5, 2012, Plaintiff's counsel, Ronald C. Wilson, entered an appearance and requested an extension of the time to serve the summons and complaint. The court granted the motion and indicated that the time to effectuate service would expire on December 17, 2012. (Doc. No. 9).

On December 10, 2012, a Second Motion for Extension of Time to Serve was filed, requesting thirty days to perfect service on the USDA and Secretary Vilsack. The Court granted the motion, indicating that service must take place by January 17, 2013. (Doc. No. 12). On January 14, 2013, an Amended Complaint was filed, adding "John Doe(s) and Jane(s)" as defendants.

On January 17, 2013, apparently realizing that the period under Rule 4(m) of the Federal Rules of Civil Procedure was linked to notification under Rule 15(c), Plaintiff filed a motion seeking leave to amend his complaint and a sixty-day period to notify the five abovementioned individual defendants (and other potential defendants) "in compliance with Rule 15(c) of the Federal Rules of Civil Procedure." (Doc. No. 14). The Court granted his motion on February 22, 2013, stating that Plaintiff "shall have an additional sixty days to notify any additional defendants." (Doc. No. 15).

Plaintiff took no further action until April 11, 2013, when he filed another motion seeking a 30-day extension of time to amend and notify. (Doc. No. 16). Relying on Plaintiff's erroneous statement in his motion that his deadline expired on April 23, 2013, the Court granted his motion. (Doc. No. 17). However, Defendants correctly point out that his deadline of March 18, 2013, had already long since passed by the time Plaintiff filed his motion.

Plaintiff contends that his April 11, 2013, motion was not untimely because the Court's order was entered on February 22, 2013. The Court is unclear why the date of the order would be used as the starting point for this calculation since it was a request for a sixty-day extension. Extensions run from the date of the deadline, and the Court's Order did not state that the extension was sixty days from the date of the Order. Indeed, the Court used identical language in its October 9, 2012 Order when it granted "an additional sixty-two (62) days to effect service." (Doc. No. 9). The sixty-two days were plainly in addition to the existing deadline at the time of the motion (which was the same date the motion was filed) and not the date of the order. Thus, Plaintiff should have amended his complaint to add the already identified defendants by March 18, 2013.

Plaintiff's position is also unreasonable because it would mean that the Court was granting a freestanding period for relation back that was not connected to the time for service under Rule 4(m). This would mean the time for notification under Rule 15 expired on January 17, 2013,[4] (the day he filed his motion) and the Court is unaware of any legal basis that would allow reviving it for a sixty-day period that began more than a month after the period described in Rule 15 had expired. There is certainly no support for such an action within the text of Rule 15.

Even if the Court were to assume that Plaintiff complied with its February 22, 2013 order, Plaintiff failed to serve the identified and unidentified Doe defendants that he named in his Amended Complaint and January 17, 2014 motion within the timeframes provided by Rule 4(m) of the Federal Rules of Civil Procedure and the Court's extensions. Plaintiff named Defendants as John and Jane Doe in an attempt[5] to preserve his claims for statute of limitations purposes on January 14, 2013, but the Doe designation was inappropriate once he learned their identities, which happened at least as early as January 17, 2013. He did not serve the first of these defendants until 253 days after his Amended Complaint, and the last defendant was not served until 358 days had passed (they were actually served with a different complaint). Given the mandatory language of Rule 4(m), the Court does not believe Doe designations can be used to avoid service deadlines in such a manner. (Doc. No. 13). *See, e.g.*, *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 505 (N.D. Cal. 2011) (dismissing case for failure to serve Doe defendants within 120 days of learning

---

[4] This assumes that Rule 15(c)'s incorporation of Rule 4(m) also incorporates any extensions that are granted under Rule 4(m).

[5] This method of circumventing the statute of limitations and the requirements of Rule 15 is not available in the Eighth Circuit. *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001) (noting that Rule 15(c) is what decides relation back, rather than the naming of John Doe(s)).

their identities); *Murry v. Mitchell*, 3:05-CV-00121-JMM, 2005 WL 1922568 (E.D. Ark. July 11, 2005) (giving plaintiff 120 days to learn Doe defendants' identities); *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (dismissing claims against Doe defendants for failure to serve within 120 days of amended complaint); *Vazquez Mercado v. Betancourt y Lebron*, Civ. No. 91-2323 (JP), 1993 WL 54419, at *5 (D.P.R. Jan. 4, 1993) (dismissing claims against Doe and Roe defendants for failure to serve); *Williams v. Leach*, 938 F.2d 769, 774 n.1 (7th Cir. 1991); *Longo v. Allied Van Lines, Inc.*, 610 F. Supp. 270, 271 (E.D.N.Y. 1985). The fact that Plaintiff apparently knew the names of the five defendants as early as January 17, 2013, is fatal to his service and notification arguments.

Plaintiff's response repeatedly calls attention to the differences between the words "notify" and "serve." He is correct that these words have different meanings under the Federal Rules of Civil Procedure, but the Court's orders were clearly addressing the service deadline as well. Rule 15(c) specifically uses "the period provided by Rule 4(m) for serving the summons and complaint" as the time period governing notification, so Plaintiff cannot contend that the Court's deadlines had nothing to do with service. Rule 15(c)(1)(C)'s wording explicitly requires notification to take place within the time period for service, and there is no basis for reading it to envision an extension of the time for notification without also extending the time for service. The time period for notification necessarily mirrors the time period for serving the summons and complaint.

His service of the abovementioned five defendants within 120 days of filing his Second Amended Complaint does nothing to cure his failure to comply with the rules of civil procedure regarding the First Amended Complaint. Further, his service of the Second Amended Complaint upon Defendants occurred after the firm deadline given in the Court's August 14, 2013 Order. (Doc.

No. 25) ("The Court hereby grants Plaintiff's motion and extends the deadlines to September 23, 2013. The Court also wishes to inform Plaintiff that no further extensions will be granted."). Even if Plaintiff was uncertain whether the deadline applied to service under the Federal Rules of Civil Procedure, the Court's response to Plaintiff's objection to that order should have removed any doubt. *See* Order at 1 (Doc. No. 27) ("Before the Court is Plaintiff's objection to the Court's indication that no further extensions would be granted to effect service."); *id.* at 1-2 (listing Plaintiff's motions as consecutive motions asking for the same relief); *id.* at 2 ("The Court finds Plaintiff's objection puzzling because it is approaching a year and half since this action was filed, yet there is no indication that he has attempted to effect service on any of the defendants during this time."). Further, the fact that Plaintiff now alleges that Defendants were already notified for the purposes of Rule 15 in November 2012 and January 2013 begs the question what his motions could have been requesting an extension of time to do, if it were not to amend and serve. The Court will assume that his purpose for repeatedly requesting extensions was not merely dilatory and that the Court's extensions were not based on false information (despite the fact that notification had already taken place in Plaintiff's view and no subsequent actions seem to have been taken regarding notification).

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc.*, 11 F.3d at 843; *see also Dodco, Inc. v. Am. Bonding Co.*, 7 F.3d 1387, 1388 (8th Cir. 1993) (same). This is true "whether or not [the defendant] had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir.1996) (citing *Printed Media Servs., Inc.*, 11 F.3d at 843); *see also Baden v. Craig–Hallum Inc.*, Civ. No. 4–86–565, 115 F.R.D. 582, 586 n. 4 (D. Minn. 1987) ("The mere fact that a defendant has received actual

11

notice of the pending action is not sufficient if there has not been compliance with the plain requirements of [R]ule 4."). The Court finds that Plaintiff's claims against Defendants should be dismissed due to Plaintiff's failure to comply with Rule 4(m) and with the Court's February 22, 2013 and August 14, 2013 orders. Plaintiff has yet to demonstrate good cause for the tremendous delays in service and failure to comply with the Court's orders.[6] Thus, the action is subject to dismissal.

Plaintiff's response also appears to allege that he notified the Assistant United States Attorney of the names of the individual defendants as early as November 16, 2012. Pl.'s Resp. at 3 (Doc. No. 69-2). This would mean that Plaintiff chose to amend his complaint on January 14, 2013, without naming the individual defendants only to then begin an eight-month cycle of requesting extensions that were solely for the purpose of amending his complaint to add the defendants he had already identified (since notification had already occurred in Plaintiff's view and it does not appear that any further notification efforts were made after his January 17, 2013 letter). This coupled with the fact that Plaintiff identified the five individual defendants to the Court merely three days after he amended his complaint certainly gives the impression that he was aware of their identities prior to amending his complaint.

Among other things, Rule 15(c)(1)(C) requires that in order for an amendment to relate back to date of a previous complaint, the party to be brought in by amendment must have "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or

---

[6] The Court's discussion of good cause and his delays are solely in the context of Rules 4(m) and 41 and not with respect to relation back under Rule 15. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010) ("[T]he speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back.").

should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Even if it is assumed that the abovementioned conduct did not preclude Plaintiff from presently alleging sufficient notice and that the extensions would have been granted anyway (they would not have been), the Court finds that Plaintiff failed to provide notice within the appropriate time (September 24, 2013, appears to be the date of the first notification). Because Rule 4(i)(3) requires service upon the United States *and* service upon the officer or employee that is sued in their individual capacity and because the U.S. Attorney's Office is not representing Defendants, the Court does not believe his January 17, 2013, letter to the U.S. Attorney was sufficient notice under Rule 15(c).[7] Indeed, Plaintiff's August 14, 2013 Sixth Motion for Extension of Time indicated that the U.S. Attorney's office could neither accept service on behalf of Defendants in their individual capacities nor provide residential addresses. Finally, Defendant USDA did not take any action in this case until November 1, 2013. There is little to indicate that Defendants were aware of their involvement in this suit.

Plaintiff also argues that his service of process upon the U.S. Attorney on January 14, 2013, was sufficient notice under Rule 15(c)(2), but the wording of Rule 15(c)(2) would seem to only apply to official capacity suits. It is titled "Notice to the *United States*" and it only refers to additions of "the United States or a United States officer or agency" as defendants by amendment. *Cf.* Fed. R. Civ. P. 4(i) (distinguishing the United States, its agencies, its corporations, its officers, and its employees both in the title and in its requirements); *see also Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996) (finding that 15(c)(2) applied to official capacity rather than

---

[7] Compare this to suits against a governmental officer or employee solely in their official capacity where formal service upon the officer or employee is not required.

individual capacity suits). This argument also fails because he failed to name any of the Doe defendants in the Amended Complaint that he filed at that time. As in *Delgado-Brunet*, there was nothing at the time to indicate what particular employees were going to be sued in their individual capacity.

More importantly, Defendants were never given notice such that they "knew or should have known that the action would have been brought against it, *but for a mistake* concerning the proper party's identity" within the deadlines. Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). It is quite clear that there was no mistake regarding Defendants' identity since Plaintiff had already named each of them as intended defendants on January 17, 2013. "[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."[8] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010). Plaintiff now alleges that notification was proper, but he has failed to demonstrate "an error concerning the identity of the proper party or that [Defendants] should have known that the suit would have been brought against [them] but for a mistake in identifying the proper party." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000). Although it could be said that Plaintiff listing Defendants as John and Jane Does in his Amended Complaint shows confusion regarding their identities, it must be noted that "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) ("[O]ur court's precedent comports with no fewer than seven of our sister circuits.")

---

[8] There were no defendants named other than Lott Johnson and the USDA in the Original Complaint.

(listing cases). "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Krupski*, 560 U.S. at 552. Thus, the Court finds that there would be no relation back under Rule 15(c).

### III.     Statute of Limitations for *Bivens* Claims

Defendants also argue that Plaintiff's constitutional, individual-capacity claims are barred by the applicable statute of limitations. The availability of such claims against federal officials was created by *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and a three-year statute of limitations applies here. *See, e.g.*, *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000).

Under Defendants' view, the last act by any of the individual employees that is alleged in Plaintiff's complaint occurred on or about August 2, 2010, when his debt servicing application was denied and he was informed that FSA was planning to accelerate his loans. Defendants also argue that, since these claims were first asserted against the individual employees in the Second Amended Complaint on September 18, 2013, the claims are time barred.

Plaintiff contends that the injury he "complains of was initially sustained on October 20, 2010 and continued for several months. In addition, it is fundamental that for a statute of limitations to begin to run, some injury must occur." Pl.'s Resp. at 4 (Doc. No. 69). Given that Plaintiff alleges the conduct *began* on October 20, 2010, (the date the first administrative offset was collected), and that his injury did not occur until that day, Plaintiff seems to have abandoned any claims concerning conduct occurring before October 20, 2010, for statute of limitations purposes. Plaintiff also alleges

15

that his claims against the individual employees relate back to his previous complaints, but the Court disagrees for the reasons stated above.

It should also be noted that Plaintiff's complaint only mentions defendants Linda Newkirk and James Culpepper, III as being involved in the initiation of administrative offsets, so his due process claims are dismissed as to the other three individual defendants—Mark Petty, Hendra Woodfork, and Chana Thompson.[9] "Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

With respect to Newkirk and Culpepper, Plaintiff's Second Amended Complaint alleges that he was notified in April 2010 of the FSA's decision to offset any federal payments he would receive and to apply those offsets to his delinquent debts. The Court does not decide whether the statute of limitations began to run on April 2010 or if it began when the first offset was deducted in October 2010 because the case can be resolved on other grounds. However, the Court does find that each offset payment cannot be considered a continuing violation so that it would allow discrete acts occurring outside the statute of limitations to be actionable. "As is true with respect to Title VII, then, there can be no continuing violation under ECOA." *Haynie v. Veneman*, 272 F. Supp. 2d 10, 16 (D.D.C. 2003) (discussing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002) (superseded by statute)); *see also Wells v. U.S. Dept. of Interior, Bureau of Indian Affairs*, 53 F.3d 335 (8th Cir. 1995).

---

[9] This is because the offsets appear to be the only activity that took place during the relevant time.

## IV. Sovereign Immunity

As noted previously, Plaintiff's constitutional claims against Defendants in their official capacities have been abandoned. They also do not appear to have any legal basis.

## V. Whether Individual *Bivens* Claims are Precluded by a Comprehensive Remedial Scheme

The Court finds that Plaintiff's *Bivens* due process claims are precluded by a remedial scheme. The Supreme Court has become extremely wary of extending *Bivens* remedies into new contexts, "and has not created additional *Bivens* remedies '[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration.'" *Nebraska Beef, Ltd. v. Greening*, 398 F.3d 1080, 1084-85 (8th Cir. 2005) (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). Defendants correctly describe the regulatory scheme regarding FSA decisions as being comprehensive, but it is also important that "[w]hen Congress has created a comprehensive regulatory regime, the existence of a right to judicial review under the APA is sufficient to preclude a *Bivens* action." *Sinclair v. Hawke*, 314 F.3d 934, 940 (8th Cir. 2003).

Plaintiff alleges he was not afforded due process regarding the use of administrative offsets to collect on his delinquent loan. However, 7 C.F.R. § 3.60 clearly states that "debt collection proceedings initiated by FSA . . . will be conducted by NAD in accordance with 7 CFR part 11," and the National Appeals Division's (NAD) decisions are subject to judicial review under the APA pursuant to 7 C.F.R. § 11.13.

It should also be noted that Plaintiff has not alleged that he asked for NAD review regarding the offsets during the six months between April 2010, when he was informed of the FSA's decision to use offsets for collection of his delinquent loans, and October 2010, when the first offset was

applied. Nor has he alleged any facts regarding how any of the individual defendants deprived him of his right to do so. Thus, his due process claims regarding offsets are precluded by the comprehensive remedial scheme and the availability of judicial review. *See Sinclair*, 314 F.3d at 940.

To the extent Plaintiff's complaint can be read as bringing a claim under the Equal Protection Clause, the same type of framework did not exist for review of his discrimination claims and there is no provision for judicial review of the OCR's decision. However, it does not appear that Plaintiff's complaint actually asserts a free-standing equal protection claim, and, even if it did, the Court does not believe there is any justification for judicially creating a *Bivens* remedy when his other claims under the ECOA[10] and 42 U.S.C. § 1985 appear to be more than sufficient.

## VI. Failure to plead

Defendants argue that Plaintiff's Second Amended Complaint is inadequate because it fails to provide sufficient factual allegations regarding discrimination or retaliation. The Court agrees. The Second Amended Complaint fails to comply with the requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In particular, Plaintiff has been overly vague regarding the dates the alleged incidents occurred and what the involvement of each defendant was. For example, paragraph 17 of the complaint fails to give any specifics whatsoever, and, with respect to his conspiracy claim, he has failed to "allege facts suggesting a mutual understanding or meeting of the minds." *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993). However, it is unlikely that amendment could salvage his claims given the Court's previous

---

[10] Other than adopting Defendant USDA's res judicata defense, Defendants have not made any arguments concerning Plaintiff's individual-capacity claims under the ECOA. Thus, the Court makes no specific findings regarding the availability of these claims.

findings.

## VII.  Res Judicata

It does not appear that Plaintiff had an opportunity to litigate his individual-capacity ECOA claims against Defendants during the OCR's review, and Defendants have provided no arguments regarding privity, issue preclusion, or anything else that might provide guidance.  They have merely adopted Defendant USDA's argument, which essentially dealt with official-capacity arguments exclusively.  Thus, the Court cannot presently resolve this issue, and it is denied without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's claims against defendant USDA be, and are hereby, dismissed, without prejudice.  The relief prayed for is DENIED.

SO ORDERED this 16th day of June, 2014.

_____
United States Magistrate Judge